UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

PAMELA ROBINSON, )
 )
    Plaintiff, )
 )
v. ) Case No. 20-CV-0108-CVE-FHM
 )
IC BUS OF OKLAHOMA, LLC, )
NAVISTAR, INC., )
PHIL PILL, )
RYAN COX, )
EDDIE ENBERG, and )
RANDY BETANCOURT, )
 )
 )
    Defendants. )

**OPINION AND ORDER**

Before the Court are plaintiff's complaint (Dkt. # 1) and plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff, appearing pro se, has filed a complaint (Dkt. # 1) alleging that defendants violated her Fourteenth Amendment due process rights. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002)

**I.**

Plaintiff was employed by defendants IC Bus of Oklahoma, LLC and Navistar, Inc. Dkt. # 1, at 7. She alleges that she was demoted for filing a grievance related to safety conditions of a conveyor that was shut down. Id. Plaintiff filed her grievance on December 4, 2017, and she was demoted on December 6, 2017. Id. Plaintiff also alleges unsafe work conditions, which allegedly

caused her to break a finger and suffer other injuries, including a torn meniscus and carpel tunnel surgery. Id. at 8. After her grievance was filed, plaintiff alleges that a grievance was filed against her. Id. at 7. However, she alleges that the grievance filed against her "had already expired" per union agreements. Id. Plaintiff alleges that numerous others knew about questioning by a six-man committee that was held concerning the grievance filed against her, but that she was not allowed witnesses. Id. Plaintiff alleges that she was wrongfully discriminated against due to her age and color, was wrongfully demoted, and was denied due process. Id. at 8. Plaintiff seeks $150,000 for pain and suffering and lost income. Id.

## II.

### A.

Plaintiff seeks leave to proceed in forma pauperis and the requirements of 28 U.S.C. § 1915 are applicable. See Lister v. Dep't of Treasury, 408 F.3d 1309 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . .(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not

2

accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.**

The Court has conducted a screening of plaintiff's complaint under 28 U.S.C. § 1915 and finds that she has failed to state a claim upon which relief can be granted. Plaintiff was allegedly demoted after filing a grievance over unsafe work conditions. This amounts to an employment discrimination case under Title VII, and plaintiff is required to file her complaint administratively with the Equal Employment Opportunity Commission (EEOC) prior to filing her case here. "In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to suit." Jones v. U.P.S., Inc., 502 F.3d 1176, 1183 (10th Cir. 2007). "The first step to exhaustion is the filing of a charge of discrimination with the [EEOC]." Id. Therefore, prior to filing her case in this Court, plaintiff was required to file a complaint with the EEOC. As such, the Court lacks subject matter jurisdiction over this case.

In addition, plaintiff cannot maintain a due process claim because she fails to allege a liberty or property interest, and she fails to allege state action. Plaintiff cites the Fourteen Amendment Due Process Clause as grounds for her claim under 28 U.S.C. § 1983. The Due Process Clause of the

3

United States Constitution includes two rights: (1) procedural due process, which requires a liberty or property interest; and (2) substantive due process, which protects a number of fundamental rights with which the government may not interfere. See Brown v. Montoya, 662 F.3d 1152, 1172 (10th Cir. 2011) (noting the difference between substantive and procedural due process). To the extent that plaintiff claims that she was demoted for filing a grievance and not provided witnesses at a questioning, her claim is based on procedural due process. "Procedural due process imposes constraints on governmental decisions which deprive individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." Id. at 1167 (quoting Mathews v. Eldridge, 424, U.S. 319, 332 (1976)). The Tenth Circuit has held: "[T]o assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." Id. (quoting Merrifield v. Bd. Of Cty. Comm'rs, 654 F.3d 1073, 1078 (10th Cir. 2011)). Plaintiff has not alleged either a liberty interest or a property interest that was violated. To the extent that she alleges that her employment is a liberty interest, this claim fails. See Nunez v. City of Los Angeles, 147 F.3d 867, 873 (9th Cir. 1998) ("[T]here is no similar notion of liberty of position or rank within an occupation.").

Plaintiff also fails to allege state action. "Under Section 1983, liability attaches only to conduct occurring 'under color of law.' Thus, the only proper defendants in a section 1983 claim are those who 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995) (citations omitted). Plaintiff alleges violations of her due process rights by two companies,

4

three union representatives, and one unspecified individual. None of the defendants represents the state. Her complaint thus fails to allege state action as required to maintain a § 1983 suit.

Finally, her time to file a § 1983 action has expired. The statute of limitations for § 1983 claims is borrowed from state law. Lawson v. Okmulgee Cty. Criminal Justice Auth., 726 Fed. App'x 685, 690 (10th Cir. 2018) ("Because there is no applicable federal statute of limitations relating to civil rights actions brought under section 1983, we borrow the limitations period for such claims from the state where the cause of action arose.") (internal quotation omitted).[1] The Tenth Circuit has held that a two-year statute of limitations applies under Oklahoma law. See id. Plaintiff alleges that her injury occurred on December 6, 2017. Dkt. # 1, at 7. She filed her complaint on March 17, 2020, outside the two-year statute of limitations period.

For all of these reasons, the Court finds that plaintiff's § 1983 claim should be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice**, and plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**. If plaintiff can file an amended complaint devoid of the insufficiencies described herein, she may do so no later than **March 27, 2020**. Failure to do so will result in dismissal of this action.

**DATED** this 19th day of March, 2020.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1